IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,977-02






EX PARTE FRANK MARTINEZ GARCIA









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

AND MOTION TO STAY THE EXECUTION FROM CAUSE NO. 2001CR4925-W2 IN THE 290TH JUDICIAL DISTRICT COURT

BEXAR COUNTY




 Per Curiam. Price, J., filed a dissenting statement in which Womack and
Johnson, JJ., joined. Hervey, J., not participating.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion to stay the
execution.

 In February 2002, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Garcia v. State, 126
S.W.3d 921 (Tex. Crim. App. 2004). Applicant filed his initial post-conviction application
for writ of habeas corpus in the convicting court on September 22, 2003. This Court denied
applicant relief. Ex parte Garcia, No. WR-66,977-01 (Tex. Crim. App. June 20, 2007)(not
designated for publication). Applicant's subsequent application was received in this Court
on October 26, 2011.

 Applicant presents two allegations in his application. In his first claim, applicant
asserts that his execution would violate the United States Supreme Court's opinion in Atkins
v. Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment prohibits the execution
of the mentally retarded. In his second claim, applicant asserts that trial counsel rendered
ineffective assistance of counsel with respect to the punishment phase of trial.

 We have reviewed the application and find that applicant has failed to satisfy his
threshold burden on his claim of mental retardation. See Ex parte Blue, 230 S.W.3d 151, 153
(Tex. Crim. App. 2007). Applicant's other claim likewise fails to meet the dictates of Article
11.071, § 5. Accordingly, we dismiss the application as an abuse of the writ without
considering the merits of the claims and deny the motion to stay the execution. 

 IT IS SO ORDERED THIS THE 27TH DAY OF OCTOBER, 2011.


Do Not Publish